## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| HOWARD G. JACKSON, | Case No. 18-CV-1432-JRT-KMM |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| LEZLIE MAREK, Juvenile Judge, and COLIA CEISEL, | |
| Defendants. | |

This matter is before the Court on the application to proceed *in forma pauperis* ("IFP") of plaintiff Howard G. Jackson. Upon review, this Court concludes that Mr. Jackson qualifies financially for IFP status. Nevertheless, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In this case, Mr. Jackson's complaint fails to make the necessary showing.

1

**Failure to State a Claim**

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege enough facts to support the claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Mr. Jackson's complaint fails for at least two reasons. First, his allegations are unsupported. Mr. Jackson contends that his civil rights were violated when defendant Lezlie Marek, a Minnesota state court judge, and defendant Colia Ceisel, who as relevant here acted as a judicial referee, "corrupt[ed]" litigation regarding child custody. *See* Compl. at 4 [ECF No. 1]. But he does not explain how the defendants "fail[ed] to investigate [his] case properly" nor how they failed to know "the family court laws." Therefore Mr. Jackson does not allege how, specifically, the defendants violated his rights. The allegations in the complaint are simply too vague to put the defendants adequately on notice of the claims against them.

2

**<u>Judicial Immunity</u>**

Even if the complaint contained greater detail, the defendants are immune from relief for the claims Mr. Jackson raises because they are judicial officers. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in [her], shall be free to act upon [her] own convictions, without apprehension of personal consequences to [her]self.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (per curiam) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)). This resulting judicial immunity "is an immunity from suit, not just from ultimate assessment of damages." *Id*. at 11. And this judicial immunity is absolute, at least where the action taken is judicial in nature and not taken in the complete absence of all jurisdiction. *Id*. "An act is judicial if it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity." *Grazzini–Rucki v. Knutson*, 597 Fed. App'x. 902, 903 (8th Cir. 2015) (per curiam) (quotation omitted).

As the officer who presided over the custody proceedings at issue, Judge Marek is unquestionably insulated from suit for judicial actions taken during the course of those proceedings. It is not enough to overcome judicial immunity that Judge Marek may have erred in her decision, as Mr. Jackson alleges. Even taking the factual allegations in the complaint as entirely accurate, the decisions by Judge Marek were made in a judicial capacity, and Mr. Jackson does not contend that Judge Marek acted wholly outside of her jurisdiction in rendering those decisions. Mr. Jackson therefore cannot sustain this lawsuit on the grounds that his rights were violated by those decisions.

The same analysis applies to the claims raised against Ms. Ceisel, the referee who assisted in the proceedings, as "[j]udicial immunity also applies to referees. 'The desirability of such freedom of judicial action applies equally to court-appointed referees and receivers, and brings them within the cloak of judicial immunity.'" *Cassell v. County of Ramsey*, No. 15-2598 (PJS/JJK), 2015 WL 9590802, at *4 (D. Minn. Dec. 11, 2015) (quoting *Drexler v. Walters*, 290 F. Supp. 150, 154 (D. Minn. 1968)); *accord Littleton v. Fisher*, 530 F.3d 691, 692 (6th Cir. 1976). The only actions described in the complaint that Ms. Ceisel took are judicial or quasi-judicial in nature, and Mr. Jackson does not allege that Ms. Ceisel was wholly without authority to act as referee during the proceedings. So even if Ms. Ceisel acted wrongfully in some way, her conduct would be protected from suit by judicial immunity.

For these reasons, this Court recommends that Mr. Jackson's complaint be dismissed under § 1915(e)(2)(B). Because any claims raised against the defendants based on the conduct alleged in the complaint are foreclosed by judicial immunity, this Court recommends that the claims be dismissed with prejudice. *See Grazzini–Rucki*, 597 Fed. App'x. at 903.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The application to proceed *in forma pauperis* of plaintiff Howard G. Jackson [ECF No. 2] be DENIED.

2.  This action be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

Date: June 18, 2018

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).